UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GARLAND E. WILLIAMS | CIVIL ACTION |
| VERSUS | NO: 20-1685 |
| UNITED STATES OF AMERICA, ET AL. | SECTION: "A" (1) |

## ORDER

The complaint in this action is identical to the complaint that Garland E. Williams filed against the United States in civil actions 20-171 and 20-337. Via separate orders the Court has dismissed those actions because the complaints were legally frivolous. For the reasons previously given in civil actions 20-171 and 20-337, which the Court incorporates herein by reference, this action will likewise be dismissed.

In the action sub judice, even though the complaint is identical to the complaints filed in civil actions 20-171 and 20-337, Williams named Judge Greg Guidry of this court and his case manager, Ms. Debra Pongracz, as defendants in this case. This malicious act follows the pattern that Williams has demonstrated in suing the presiding judge, and any other judicial officer or court employee perceived to be involved in any adverse rulings against him. Presumably, Williams targeted Judge Guidry and Ms. Pongracz because he was denied a default judgment in civil action 19-11427 before it was transferred to Judge Feldman.

The United States has filed a motion to dismiss arguing that Williams' complaint fails to state a claim for relief, and even if one could somehow

1

construe the complaint so as to conclude that it states a claim for relief, the Court lacks subject matter jurisdiction because Williams has not exhausted any purported claims in this matter as required by the FTCA, 28 U.S.C. § 2675(a).

The Court agrees that Williams' complaint herein does not contain any factual support for a claim pursuant to any legal theory. Simply, the complaint is legally frivolous. But because the complaint provides no basis for a waiver of sovereign immunity against the United States, which Williams seeks to hold liable under a theory of respondeat superior for the conduct of federal judicial officers, the Court is persuaded that it lacks subject matter jurisdiction over the action against the United States.

Furthermore, Judge Guidry is absolutely immune from any type of claim arising out of his refusal to grant Williams the relief requested in his earlier case. Likewise, a judicial employee such as Ms. Pongracz is immune from civil liability arising out of the ministerial act that she performed in William's earlier case—denying the request for entry of a default in her capacity as a deputy clerk of this district. Even if Ms. Pongracz were not immune, it remains that Williams' complaint against her—which alleges no facts in support of a claim against Ms. Pongracz—is just as legally frivolous as the claim against Judge Guidry.

The plaintiff was granted leave to proceed as a pauper on June 17, 2020 pursuant to 28 U.S.C. § 1915(a). (Rec. Doc. 5). 28 U.S.C. § 1915(e)(2)(B) provides for summary dismissal of a pauper complaint *sua sponte* should the Court determine that the case is legally frivolous or fails to state a claim upon which relief may be granted. *Id.* § 1915(e)(2)(B)(i), (ii). This complaint is both

legally frivolous and it fails to state a claim upon which relief may be granted.

Before this action was transferred to this Court upon the recusal of Judge Feldman and Magistrate Judge North, Williams filed a motion to recuse. That motion is moot as neither of those judges remains on the case.

Accordingly;

**IT IS ORDERED** that the **Motion for Recusal (Rec. Doc. 8)** filed by Garland E. Williams is **MOOT**.

**IT IS FURTHER ORDERED** that the **Motion to Dismiss (Rec .Doc. 9)** filed by the United States is **GRANTED**. The complaint in this matter is **DISMISSED** for lack of jurisdiction as to the United States.

**IT IS FURTHER ORDERED** that the complaint in this matter is **DISMISSED WITH PREJUDICE** as to Judge Greg Guidry and Debra Pongracz.

October 30, 2020

Judge Jay C. Zainey
Eastern District of Louisiana